IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEROY R. WHITTENBERGER,

                Plaintiff,

v.

DANIEL WINKLESKI, ROSLYN HUNEKE, TAMMY STURMNESS, HOLLY GUNDERSON, DANIEL LAVOIE, BARRY DAUGHTRY, MELISSA MCFARLANE, NURSE KOREEN FRISK, LISA PAYNE, W. BROWN, BRAD HOMPE, EMILY DAVIDSON, and HOLLY GUNDERSON,

                Defendants.

OPINION and ORDER

23-cv-38-jdp

---

I dismissed pro se plaintiff Leroy R. Whittenberger's complaint because it failed to state a claim upon which relief may be granted, but I allowed him to file an amended complaint to fix that problem. In his amended complaint, Whittenberger alleges violations of the Eighth Amendment and Wisconsin law based on defendants' alleged conscious disregard of his fractured knee and related pain.

Because Whittenberger proceeds in forma pauperis, I must screen the amended complaint under 28 U.S.C. § 1915A(e)(2)(B). I must dismiss any portion of the amended complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Whittenberger's allegations as true and construe them generously, holding the amended complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Because Whittenberger has again failed to state a claim upon which relief may be granted, and because his claims are futile, I will dismiss the amended complaint with prejudice and direct the clerk of court to record a strike under 28 U.S.C. § 1915(g).

ALLEGATIONS OF FACT

Whittenberger provides nearly identical allegations for each defendant. On various dates, each defendant allegedly: (1) became aware of his serious knee injury and severe pain and failed to provide adequate medical care for this problem. These "actions/inactions" were "unduly harsh" and prolonged Whittenberger's pain and suffering in violation of the Eighth Amendment. Whittenberger does not know why each defendant "acted with blatant disregard for his health and safety." *See* Dkt. 8 at 7–11.

Whittenberger provided a "Preliminary Statement" containing additional allegations of inadequate medical care. Dr. Lavoie intentionally denied Whittenberger an X-ray and further treatment even though he knew about the severity of Whittenberger's injury and pain. Four weeks later, Dr. Lavoie denied a nurse's request for an X-ray. Dr. Lavoie ordered physical therapy, which was "punitive in nature" because it required Whittenberger to "put unreasonable pressure on [his] fractured knee." Whittenberger attributes his other allegations of inadequate medical care to "defendants" collectively. *See id.* at 5.

ANALYSIS

**A. Eighth Amendment**

Federal Rule of Civil Procedure 8(a) requires a pleading to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The primary purpose of Rule 8(a) is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (alteration adopted). This standard does not require "detailed factual allegations," but "naked assertions devoid of further factual

2

enhancement" are not enough. *See Iqbal*, 556 U.S. at 678. A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Eighth Amendment prohibits prison officials from consciously disregarding the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a medical care claim under the Eighth Amendment, Whittenberger's allegations must support a reasonable inference that he had an objectively serious medical condition and that defendants consciously disregarded that condition. *See Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017); *see also Iqbal*, 556 U.S. at 678.

"Disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). "[T]he question whether an X-ray . . . is indicated is a classic example of a matter for medical judgment" and usually does not show conscious disregard of medical needs. *See Estelle*, 429 U.S. at 107.

I will not allow Whittenberger to proceed on this claim against Dr. Lavoie. The unadorned allegation that Dr. Lavoie intentionally denied Whittenberger an X-ray and further treatment even though he knew about his severe injury and pain does not support an Eighth Amendment claim. *See id.*; *see also Iqbal*, 556 U.S. at 678. The bare allegation that a nurse requested an X-ray does not suggest otherwise. *See Pyles*, 771 F.3d at 409; *cf. Pulera v. Sarzant*, 966 F.3d 540, 553 (7th Cir. 2020) (nurses entitled to defer to doctor's medical judgment). The allegation that Dr. Lavoie ordered physical therapy even though Whittenberger had a

fractured knee "[a]t most . . . suggests medical malpractice, not conscious disregard of medical needs." Dkt. 7 at 6.

Whittenberger's other allegations fail to suggest a medical care claim. The nearly identical allegations he provides for each defendant lack enough factual support to state a § 1983 claim and amount to legal conclusions couched as factual allegations. *See* Dkt. 8 at 7–11; *Iqbal*, 556 U.S. at 678. Whittenberger provides more allegations of inadequate medical care, attributing them to defendants collectively. But it is clear that these allegations involve different actions and omissions by different defendants. These allegations do not give each defendant notice of the grounds on which Whittenberger bases his claim against him or her and, by the same token, fail to suggest that any defendant is personally responsible for the allegedly inadequate medical care. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("A complaint based on a theory of collective responsibility must be dismissed."); *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted)). I will not allow Whittenberger to proceed on this claim against any other defendant.

**B. Wisconsin-law claims**

When all federal claims have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (courts usually decline to exercise supplemental jurisdiction over "pendent state-law claims" if "all federal claims are dismissed before trial"). Because I've dismissed Whittenberger's sole federal claim, I'll dismiss his Wisconsin-law claims without evaluating whether they might state a claim. Without a basis for jurisdiction in federal court, these claims belong in state court.

Whittenberger also fails to establish that this court could exercise federal diversity jurisdiction over these claims because he does not allege that he and defendants are citizens of different states and nothing in the amended complaint suggests that they are.

## CONCLUSION

In my order dismissing the original complaint, I carefully explained why Whittenberger did not state a claim and gave him detailed instructions on how to draft an amended complaint. Because Whittenberger still did not fix the problems with his original complaint, it is clear that any further amendment would be futile. I will dismiss the amended complaint with prejudice and direct the clerk of court to record a strike under 28 U.S.C. § 1915(g). *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021) (affirming district court's dismissal, which issued a strike based on plaintiff's failure to state a federal claim, and acknowledging relinquishment of supplemental jurisdiction over negligence claim); *Faust v. Parke*, 114 F.3d 1191, at *3 (7th Cir. 1997) (counting dismissal as strike where all federal claims were dismissed and where court declined to retain jurisdiction over state-law claim).

## ORDER

IT IS ORDERED that:

1. Plaintiff Leroy R. Whittenberger's amended complaint, Dkt. 8, is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered September 26, 2023.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge